UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN V. SMITH,

    Petitioner,

v.                                           Case No.:   2:13-cv-813-FtM-66NPM

MICHAEL CREWS and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## ORDER

Before the Court is Petitioner Stephen V. Smith's Motion to Stay, filed on June 10, 2020.  (Doc. 59.)   Smith's Petition for Writ of Habeas Corpus was previously stayed on October 13, 2016, pending the outcome of Hurst v. Florida, 577 U.S. 92, 98–99 (2016) (finding that Florida's capital sentencing scheme violated the Sixth Amendment right to a jury trial).   After Hurst, Smith's death sentence was vacated, the stay was lifted, and the case was reopened June 1, 2020.   The Court directed the parties to show cause why the case should not be dismissed given that Smith's death sentence was vacated with a new sentence pending.

Smith now moves to stay the case again, arguing that some grounds in his Petition are related to the conviction and guilt phase, not the sentence.   The State opposes the stay, arguing the case should be dismissed because Smith has not been resentenced, so his judgment is not final.   The issue is whether Smith's judgment is final for both his conviction and sentencing while his resentencing is pending, or if the conviction and sentencing are considered as separate dates for purposes of the

statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §§ 2241–2266.

Applying the Supreme Court's analysis in Burton v. Stewart, 549 U.S. 147, 151 (2007), the statute of limitations for the AEDPA is triggered when the date of the judgment is final. The judgment is not final until both the conviction date and the date the sentence petitioner is serving become final. See Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1292–93 (11th Cir. 2007) (holding that AEDPA's statute of limitations runs when both the conviction and the sentence the petitioner is serving, is final). Smith's judgment is not final because his death sentence was vacated, and he has not been resentenced. As such, Smith's case is due to be dismissed, and he may bring a new habeas petition after he is resentenced. See Eaglin v. Sec'y, DOC, No. 2:15-cv-461-FtM-38MRM, 2018 U.S. Dist. LEXIS 169773, at *2 (M.D. Fla. Oct. 1, 2018) (dismissing without prejudice a pending habeas petition in identical procedural posture); see also Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1276–81 (11th Cir. 2014) (holding that a resentencing results in a new judgment and does not constitute a "second or successive" petition).

Accordingly, it is now **ORDERED**:

1. Petitioner Stephen Smith's Motion to Stay, filed on June 10, 2020. (Doc. 59) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. The Clerk of Court shall enter judgment, terminate all pending motions and close the file.

**ORDERED** in Fort Myers, Florida on October 20, 2020.

*[Signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA:   FTMP-2

Copies furnished to:
Counsel of Record
Unrepresented Parties